**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
        *Plaintiff-Appellant*,

v.

MCLANE COMPANY, INC.,
        *Defendant-Appellee.*

</td><td>

No. 13-15126

D.C. No.
2:12-cv-02469-GMS

OPINION

</td></tr>
</table>

On Remand From the United States Supreme Court

Filed May 24, 2017

Before: J. Clifford Wallace, Milan D. Smith, Jr.,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

## SUMMARY[*]

### Subpoena / EEOC

On remand from the United States Supreme Court, the panel vacated the district court's order denying enforcement of an administrative subpoena issued by the Equal Employment Opportunity Commission to McLane Company as part of an investigation of a sex discrimination claim.

The EEOC alleged that McLane discriminated the basis of sex when it fired a former employee after she failed to pass a physical capability strength test. As relevant here, the subpoena requested "pedigree information" (name, Social Security number, last known address, and telephone number) for employees or prospective employees who took the test.

The panel held that the district court abused its discretion by denying enforcement of the subpoena because the information was relevant to the EEOC's investigation. The panel vacated the district court's order denying enforcement of the subpoena and remanded for further proceedings. The panel held that on remand McLane was free to renew its argument that the EEOC's request for pedigree information was unduly burdensome. The panel further instructed that on remand, the district court should resolve whether producing a second category of evidence—the reasons test takers were terminated—would be unduly burdensome to McLane.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James Tucker (argued), Attorney, P. David Lopez, General Counsel, Lorraine C. Davis, Acting Associate General Counsel, Daniel T. Vail, Acting Assistant General Counsel, U.S. Equal Employment Opportunity Commission, Washington, D.C., for Plaintiff-Appellant.

Ronald E. Manthey (argued) and Ellen L. Perlioni, Morgan, Lewis & Bockius LLP, Dallas, Texas; Joshua R. Woodard and Ashley T. Kasarjian, Snell & Wilmer L.L.P., Phoenix, Arizona, for Defendant-Appellee.

**OPINION**

WATFORD, Circuit Judge:

This case returns to us on remand from the United States Supreme Court. In our earlier decision, we held that the district court erred by denying enforcement of an administrative subpoena issued by the Equal Employment Opportunity Commission (EEOC) to McLane Company. *EEOC v. McLane Co.*, 804 F.3d 1051 (9th Cir. 2015), *vacated*, 137 S. Ct. 1159 (2017). The EEOC issued the subpoena as part of its investigation into a charge filed by Damiana Ochoa, a former employee of a McLane subsidiary. Ochoa alleged that McLane discriminated against her on the basis of sex when it fired her after she failed to pass a physical capability strength test. As relevant here, the subpoena requests "pedigree information" (name, Social Security number, last known address, and telephone number) for employees or prospective employees who took the test. In accordance with prevailing circuit precedent at the time,

we reviewed *de novo* the district court's ruling that the pedigree information was not relevant to the EEOC's investigation. *Id.* at 1056. The Supreme Court vacated our judgment after concluding that a district court's decision whether to enforce an EEOC subpoena should be reviewed for abuse of discretion. *McLane Co. v. EEOC*, 137 S. Ct. 1159, 1164 (2017). The Court remanded the case so that we could re-evaluate the district court's ruling under the proper standard of review. *Id.* at 1170. Having done so, we conclude that the district court abused its discretion by denying enforcement of the subpoena.

The district court held that the pedigree information was not relevant "at this stage" of the EEOC's investigation because the evidence McLane had already produced would "enable the E.E.O.C. to determine whether the [strength test] systematically discriminates on the basis of gender." The court suggested that if the EEOC's analysis of the information McLane had already produced during the investigation indicates systemic discrimination, the pedigree information might become relevant at that point, and its production to the EEOC might then be "necessary."

The district court's ruling was predicated on an erroneous view of the legal standard governing relevance in this context. We adopt below the portions of our earlier analysis that remain relevant to explaining why the district court committed legal error in this regard.

Under Title VII of the Civil Rights Act of 1964, the EEOC has the right to obtain evidence if it relates to employment practices made unlawful under Title VII and "is relevant to the charge under investigation." 42 U.S.C. § 2000e–8(a). The relevance limitation imposed by

§ 2000e–8(a) "is not especially constraining." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1984). The question is not whether the evidence sought would tend to *prove* a charge of unlawful discrimination. At the investigative stage, the EEOC is trying to determine only whether "reasonable cause" exists "to believe that the charge is true." 42 U.S.C. § 2000e–5(b). So the relevance standard in this context sweeps more broadly than it would at trial. It encompasses "virtually any material that might cast light on the allegations against the employer." *Shell Oil*, 466 U.S. at 68–69.

Under this standard, the pedigree information is relevant to the EEOC's investigation. Ochoa's charge alleges that McLane's use of the strength test discriminates on the basis of sex. To decide whether there is any truth to that allegation, the EEOC can of course speak to Ochoa about her experience with taking the test. But the EEOC also wants to contact other McLane employees and applicants for employment who have taken the test to learn more about their experiences. Speaking with those individuals "might cast light" on the allegations against McLane—whether positively or negatively. To take but one example, the EEOC might learn through such conversations that other female employees have been subjected to adverse employment actions after failing the test when similarly situated male employees have not. Or it might learn the opposite. Either way, the EEOC will be better able to assess whether use of the test has resulted in a pattern or practice of disparate treatment. To pursue that path, however, the EEOC must first learn the test takers' identities and contact information, which is enough to render the pedigree information relevant to the EEOC's investigation.

McLane contends that, given all of the other information it has produced, the EEOC cannot show that production of the pedigree information is "necessary" to complete its investigation. But the governing standard is not "necessity"; it is relevance. If the EEOC establishes that the evidence it seeks is relevant to the charge under investigation, we have no warrant to decide whether the EEOC could conduct the investigation just as well without it. The EEOC does not have to show a "particularized necessity of access, beyond a showing of mere relevance," to obtain evidence. *University of Pennsylvania v. EEOC*, 493 U.S. 182, 188 (1990). Congress has not left it to employers accused of discrimination to decide what evidence may be necessary for the EEOC to complete its investigation. *Id.* at 193.

For similar reasons, the district court erred as a matter of law when it held that pedigree information is irrelevant "at this stage" of the investigation. The court reasoned that the evidence McLane had already produced would allow the EEOC to determine whether McLane's use of the strength test discriminates on the basis of sex. The court suggested that if the EEOC's analysis of that evidence indicates systemic discrimination, the pedigree information might become relevant and obtaining that information might then be "necessary." The EEOC argues that the district court improperly required it to substantiate the allegation of systemic discrimination before it could obtain access to relevant evidence. We doubt that is what the district court meant, as the Supreme Court has made plain that courts may not condition enforcement of EEOC administrative subpoenas on a threshold evidentiary showing that the allegations under investigation have merit. *Shell Oil*, 466 U.S. at 71–72 & n.26. Rather, the district court appeared to conclude that the EEOC did not really need pedigree information to make a

preliminary determination as to whether use of the strength test has resulted in systemic discrimination. As we have explained, however, that line of reasoning is invalid: The EEOC's need for the evidence—or lack thereof—simply does not factor into the relevance determination.

McLane argues that the pedigree information is not relevant because Ochoa's charge alleges only a "neutrally applied" strength test, which by definition cannot give rise to disparate treatment, systemic or otherwise. McLane's argument misconstrues the charge. Ochoa alleges that McLane requires all employees returning from medical leave to take the strength test before they can return to work, but she does not allege that the test is neutrally *applied*. (She alleges just the opposite—that the test was discriminatorily applied as to her.) Even though McLane requires everyone to take the test, the test could still be applied in a discriminatory manner—if, for example, the company were to routinely excuse the failure of male employees to pass the test but grant no such exemptions to similarly situated female employees. The very purpose of the EEOC's investigation is to determine *whether* the test is being neutrally applied; the EEOC does not have to take McLane's word for it on that score. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 296–99 (4th Cir. 2010).

Because the district court based its ruling on an incorrect view of the legal standard governing relevance, it necessarily abused its discretion when it held that the pedigree information is not relevant to the EEOC's investigation. *See McLane*, 137 S. Ct. at 1168 n.3; *id.* at 1170 (Ginsburg, J., concurring in part and dissenting in part) (stating that "the District Court erred as a matter of law in demanding that the EEOC show more than relevance in order to gain

enforcement of its subpoena"). We therefore vacate the district court's judgment and remand for further proceedings. On remand, McLane is free to renew its argument that the EEOC's request for pedigree information is unduly burdensome. McLane raised that argument in the district court during the first round of litigation, but the court had no occasion to reach it given the court's ruling on relevance. We decline to address McLane's undue burden argument in the first instance ourselves.

On remand, the district court should also resolve whether producing a second category of evidence—the reasons test takers were terminated—would be unduly burdensome to McLane. In our earlier decision, we noted that the district court had declined to enforce this portion of the EEOC's subpoena, without stating its reasons for doing so. 804 F.3d at 1058–59. We vacated that aspect of the district court's judgment, and McLane did not seek review of that ruling in the Supreme Court. *McLane*, 137 S. Ct. at 1166 n.2. That issue thus remains open for the district court to resolve in the first instance as well.

**VACATED and REMANDED.** Each party shall bear their own costs on appeal.